UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT LAWRENCE PROBST,

    Plaintiff,

v.

COMERICA BANK, et al.,

    Defendants.
_____/

Case No. 1:25-cv-954

HON. JANE M. BECKERING

**OPINION AND ORDER**

    This is a pro se civil action through which Plaintiff Scott Probst attempts to challenge state court foreclosure proceedings (Complaint, ECF No. 1). The matter was referred to the Magistrate Judge (ECF No. 7), who issued a Report and Recommendation (R&R) recommending that the Court dismiss the Complaint for lack of subject matter jurisdiction under *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) (*see* R&R, ECF No. 8). The matter is presently before the Court on Plaintiff's eight objections to the Report and Recommendation (Obj., ECF No. 9). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has reviewed de novo those portions of the Report and Recommendation to which Plaintiff has objected. The Court denies the objections and issues this Opinion and Order.

    Plaintiff has submitted a four-page document entitled "Plaintiff's Objections to the Magistrate Judge's Report and Recommendation," along with several exhibits, and he has identified eight objections by separate headers (Obj., ECF No. 9). That said, Plaintiff has not "specifically identif[ied]" the portions of the Report and Recommendation to which his objections

are made, and he has not meaningfully articulated the basis for several of these "objections," which largely restate arguments from his Complaint.  *See* W.D. Mich. LCivR 72.3(b).

Plaintiff first objects to the Magistrate Judge's application of the "*Rooker-Feldman* Doctrine,*"* which indicates that the Court lacks jurisdiction over this matter (*compare* Obj., ECF No. 9 at PageID.41 *with* R&R, ECF No. 8 at PageID.35).  Plaintiff does not meaningfully engage with the Magistrate Judge's analysis or with the authorities cited in the Report and Recommendation establishing that the Court lacks jurisdiction (R&R, ECF No. 8 at PageID.35).  Plaintiff offers only conclusory statements—largely repeating arguments from his Complaint—and he does not identify relevant authority in support of his objection.  The objection is denied.

Second, Plaintiff "objects" that several "state court orders [were] entered without jurisdiction after removal" (Obj., ECF No. 9 at PageID.41).  Although Plaintiff's submission is not a model of clarity, this "objection" appears to focus more on state court foreclosure proceedings than on the Report and Recommendation (*see id.*).  As noted by the Magistrate Judge, Plaintiff misinterprets the procedural history of this case, offers unintelligible arguments, cites no relevant authority, and does not meaningfully address the Magistrate Judge's analysis on this point (R&R, ECF No. 8 at PageID.34–37).  This objection is also denied.

Third, Plaintiff "objects" that the Magistrate Judge should have recognized that Plaintiff properly lodged a "March 28, 2025 Jurisdiction Challenge" to the authority of the state court handling his foreclosure matter, and Plaintiff further states that this challenge was "ignored" because various participants in his state court proceedings failed to "affirmatively establish jurisdiction on the record" (Obj., ECF No. 9 at PageID.37).  This objection restates sections of Plaintiff's Complaint (ECF No. 1 at PageID.7).  The Magistrate Judge noted that this argument "is

frivolous" (R&R, ECF No. 8 at PageID.37).  Defendant does not identify arguments or authority undermining the Report and Recommendation on this point, and the Court denies the objection.

Fourth, Plaintiff provides an objection header that reads "Comerica has not proven standing," and he further states that the "Magistrate Judge erred in concluding Plaintiff cannot challenge the foreclosure" (*id.*).  Plaintiff repeats his prior arguments and makes conclusory references to "UCC 3-301" and "Michigan law" in an attempt to challenge his state foreclosure proceedings, but he does not substantively engage with the Report and Recommendation (*see* Obj., ECF No. 9 at PageID.42).  The Magistrate Judge notes that "Probst does not allege what Comerica misrepresented about its 'legal standing,' or when or to whom it made such misrepresentation" (R&R, ECF No. 8 at PageID.36).  This objection is denied.

Fifth, Plaintiff asserts that the "Magistrate Judge erred in holding that the [Fair Debt Collection Practices Act] was not implicated" here, arguing that lenders made "false and misleading statements" about a "debt obligation" in his state court proceedings (Obj., ECF No. 9 at PageID.42).  Plaintiff offers little more than this conclusory statement, and he does not address the relevant analysis offered by the Magistrate Judge.  This objection is also denied.

Sixth, Plaintiff "objects" that "[p]rivate parties who conspire with a judge to deprive constitutional rights may be liable under 42 U.S.C. § 1983," but he does not link this objection to the Magistrate Judge's analysis, address the binding authority cited in the Report and Recommendation, or offer anything more than conclusory and opaque statements (Obj., ECF No. 9 at PageID.42–43).  This objection is denied.

Seventh, Plaintiff argues that the Magistrate Judge "erred in finding that Court Officer Regan Higgs was protected by quasi-judicial immunity" given that "Higgs enforced a void eviction order issued without jurisdiction" (Obj., ECF No. 9 at PageID.43).  Plaintiff again attempts to

relitigate elements of his state court foreclosure proceedings, fails to identify relevant authority, and does not engage with the Magistrate Judge's reasoning (*id.*). This objection is denied.

Finally, Plaintiff argues that his "state-law claims are not frivolous" and that the Magistrate Judge's reliance on *Apple v. Glenn* "was error" (Obj., ECF No. 9 at PageID.43). These conclusory statements do not undermine the Report and Recommendation. This objection is also denied.

In sum, Plaintiff fails to establish any factual or legal error in the Magistrate Judge's analysis or conclusion. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.[1] A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 9) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 8) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

Dated: October 1, 2025         /s/ Jane M. Beckering
                               JANE M. BECKERING
                               United States District Judge

---

[1] Given the allegations in the Complaint at bar and the Court's dismissal under *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), dismissal with prejudice is appropriate here. *See, e.g., Doherty v. Borisch*, 2025 WL 2172539, at *1 (W.D. Mich. July 31, 2025) (dismissing an "implausible, attenuated, unsubstantial" complaint under similar circumstances with prejudice). This Order renders the additional pending motions in this case moot and the case will be closed.