UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SCOTT LAWRENCE PROBST,

      Plaintiff,

                                        Case No. 1:25-cv-954

v.

                                        HON. JANE M. BECKERING

COMERICA BANK, et al.,

      Defendants.

_____/


**OPINION AND ORDER**

This is a pro se civil action through which Plaintiff attempts to challenge state court foreclosure proceedings (Compl., ECF No. 1).  On September 24, 2025, the Court adopted the Magistrate Judge's Report and Recommendation recommending that the Court dismiss the Complaint under *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) (*see* R&R of Aug. 25, 2025, ECF No. 8; Op. & Order, ECF Nos. 33 & 34).  Plaintiff has appealed (Notice of Appeal, ECF No. 35).

Now pending before the Court is Defendant Comerica Bank's ("Comerica") post-judgment Emergency Motion to Cancel Notice of Lis Pendens and Enjoin Future Recordings (Mot., ECF No. 39).  The matter was referred to the Magistrate Judge, who filed a Report and Recommendation recommending that the Court:

> [G]rant Comerica's motion (ECF No. 39), cancel the notice of lis pendens, and enjoin Probst from making future filings against the property in the Muskegon County Register of Deeds . . . [and further] direct Comerica to submit an itemized list of its costs and expenses, supported by affidavit, for purposes of an award [of costs and expenses] pursuant to Mich. Comp. Laws § 600.2725(4).

(*see* R&R of Jan. 30, 2026, ECF No. 42 at PageID.357–359, citing *American Town Ctr. v. Hall 83 Assocs.*, 912 F.2d 104, 110 (6th Cir. 1990) (noting that a district court retains jurisdiction after a

notice of appeal has been filed to cancel a notice of lis pendens as part of its inherent power to enforce its judgments); *see also* Service Copy of R&R, ECF No. 45-1).  Plaintiff has filed six separately-numbered "objections" to the Report and Recommendation (*see* Obj., ECF No. 46 at PageID.370–374).  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has reviewed de novo those portions of the Report and Recommendation to which objections have been made.  The Court concludes, for the reasons stated below, that the objections lack merit.

Plaintiff first objects that the Court lacks jurisdiction to "entertain Defendant [Comerica's] emergency motion" given Plaintiff's pending appeal (Obj., ECF No. 46 at PageID.370).  Plaintiff fails to address the authorities cited by the Magistrate Judge on this point (*see* R&R of Jan. 30, 2026, ECF No. 42 at PageID.357, citing *American Town Ctr.*, 912 F.2d at 110).  Plaintiff also fails to "specifically identify" the portions of the Report and Recommendation to which his objection applies, violating this Court's rules.  *See* W.D. Mich. LCivR 72.3(b); *Miller v. William Beaumont Hosp.*, 121 F.4th 556, 558 (6th Cir. 2024) (noting that a district court's "local rules carry the force of law").  The Court concludes that this objection lacks merit.

Plaintiff's remaining objections assert that the Magistrate Judge erred in (1) "finding Comerica had lawful authority to foreclose"; (2) "relying on void state-court orders"; (3) dismissing "plausible § 1983 conspiracy claims"; (4) "minimizing unlawful eviction and property destruction"; and (5) relying on an "invalid foreclosure" (Obj., ECF No. 46 at PageID.371–373).  These objections—which repackage arguments that this Court has previously rejected and which have little relation to the motion at bar—fail to "specifically identify" the portions of the Report and Recommendation to which they apply.  *See* W.D. Mich. LCivR 72.3(b); *Miller*, 121 F.4th at 558.  Additionally, each of these objections impermissibly "reiterates arguments [previously] presented before the magistrate judge" (*cf.* R&R, ECF No. 8; Obj., ECF No. 9; Op. & Order, ECF

2

No. 33), and an "objection that merely restates the arguments previously presented," without specifically identifying error in the Magistrate Judge's analysis, "is not sufficient to alert the court to alleged errors on the part of the magistrate judge.'" *See Evans v. Ordiway*, No. 2:24-CV-36, 2026 WL 309173, at *4 (W.D. Mich. Feb. 5, 2026) (citing *Peacock v. Comm'r of Soc. Sec.*, No. 1:15-CV-572, 2016 WL 2997429, at *1 (W.D. Mich. May 25, 2016)) (collecting cases); *accord Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) ("Such duplication defeats the purpose of the Federal Magistrates Act[.]").  Each of these objections fail.

In sum, Plaintiff has failed to identify factual or legal error in the Magistrate Judge's analysis.  The Court will adopt the Report and Recommendation.[1]

Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 46) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 42) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Comerica's Motion to Cancel Notice of Lis Pendens and to Enjoin Future Recordings Without Prior Judicial Approval (ECF No. 39) is GRANTED.

**IT IS FURTHER ORDERED** that the supplemental Report and Recommendation (ECF No. 49) is DISMISSED AS MOOT.

---

[1] During the brief time period in which the Report and Recommendation (ECF No. 42) has been pending, Plaintiff has recorded a second notice of lis pendens as to the property in question (*see* Notice, ECF No. 47).  The Court concludes that adoption of the Report and Recommendation filed on January 30, 2026 (ECF No. 42) requires the cancellation and discharge of this second notice of lis pendens, and the Court notes that Plaintiff had a full and fair opportunity to object to the Report and Recommendation filed on January 30, 2026 (*see* Obj., ECF No. 46).  The Court will thus dismiss as moot the supplemental Report and Recommendation on this point (R&R, ECF No. 49).

**IT IS FURTHER ORDERED** that the notices of lis pendens, as described more particularly below and as related to the real property located at 3705 S. Dangl Rd., Muskegon, MI 49444 (Parcel ID: 61-15-111-200-0028-00) (the "Property"), are cancelled and discharged:

Muskegon County Register of Deeds
Recorded: September 24, 2025
Liber: 4397
Page: 364

and

Muskegon County Register of Deeds
Recorded: February 11, 2026
Liber: 4408
Page: 95

**IT IS FURTHER ORDERED** that Plaintiff Scott Lawrence Probst shall not record any document that encumbers or clouds Comerica's title to the Property in the Muskegon County Register of Deeds, including, without limitation, a Notice of Lis Pendens, without first obtaining leave of this Court.

**IT IS FURTHER ORDERED** that Comerica shall submit an itemized list of its costs and expenses, supported by affidavit, for purposes of an award of costs and expenses pursuant to Mich. Comp. Laws § 600.2725(4), as stated in the Report and Recommendation adopted by this Opinion and Order, not later than April 20, 2026.

Dated:  March 18, 2026                             /s/ Jane M. Beckering
                                                   JANE M. BECKERING
                                                   United States District Judge

4